## L. L. SMITH v. SAMUEL LOAG.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 29, 1890—Decided February 17, 1890.

In an action to recover damages for the breach of a contract to supply patented articles at prices to be agreed upon from time to time, when in fact no price was ever agreed upon between the parties, it was not error to charge the jury that the plaintiff was entitled to recover nominal damages only.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 66 January Term 1890, Sup. Ct.; court below, No. 171 June Term 1884, C. P. No. 4.

On May 20, 1884, L. L. Smith brought covenant against Samuel Loag. Issue.

At a trial of the cause on May 21, 1885, a verdict was rendered for the plaintiff for $25,000. A rule for a new trial having been made absolute, at a second trial on February 5, 1889, a verdict was rendered for the plaintiff for $20,000. A rule for a new trial having been made absolute, the cause was a third time called for trial on May 13, 1889, when a case was shown in substance as follows:

On December 6, 1878, the defendant, Loag, acquired from R. N. Tudor, the patentee, the exclusive right to manufacture

and sell a patented method of ornamenting glass so as to imitate stained glass, for a period of five years, with the privilege of extending it, under certain conditions, for another term of five years; and on January 27, 1879, Loag, with the approval of Tudor, the patentee, entered into a sealed agreement with Smith, the plaintiff, granting the latter the exclusive right to sell "but not to manufacture the said improved mode of ornamenting glass and the patented material used therefor, for the term of five years from the sixth day of December, 1878, or the unexpired remainder of said term." The agreement provided, inter alia, that Smith was to purchase during each year of the existence of the contract certain quantities of printed sheets of paper, prepared for ornamenting glass, at certain prices, and Loag covenanted to keep in stock the necessary supplies. When the agreement was executed, but five patterns of the patented sheets were in use, and a schedule was made of them in the agreement at the different prices at which they were to be supplied: "And for prints made from any new or additional blocks, plates or designs, at such rates as may be from time to time mutually agreed upon between the said Loag and the said Smith, and approved by Robert M. Tudor, the said patentee. . . . . . The said Loag hereby agrees to produce such new designs as the trade may warrant and demand. This agreement may be extended for the further term of five years, in the event of the license from Tudor to Loag, hereinbefore recited, being extended for such term."

The plaintiff, Smith, began business under this agreement, and continued until December 6, 1883, when he was notified by the defendant, Loag, and Tudor, who had renewed the license to Loag, that his contract would expire on that day, and if he wished to continue the business he should meet them on that day at an hour stated. A number of meetings were held and various changes in the old contract were suggested, but no satisfactory arrangement was reached. The negotiations continued until finally on April 23, 1884, Smith received a communication from Loag and Tudor, notifying him that further supplies would cease, and that his business had been transferred to other parties. Shortly after, Smith sent an order to Loag for some supplies, but defendant refused to furnish them. Then this suit was brought.

At the close of the testimony, the trial judge instructed the
jury that the plaintiff was entitled to recover nominal damages
only, and they should render a verdict for the plaintiff and as-
sess the damages at six cents.    A verdict was so rendered, and
a rule for a new trial having been discharged and judgment
entered, the plaintiff took this appeal assigning said instruc-
tion for error.

*Mr. J. Martin Rommel* and *Mr. James M. West*, for the ap-
pellant.

Counsel cited: Patton v. Hassinger, 69 Pa. 314; Boyden v.
Railroad Co., L. R. 2 App. C. 666; Boyd v. Brickin, 55 Cal.
427; Hoy v. Gronoble, 34 Pa. 9: Garsed v. Turner, 71 Pa.
56; Pennypacker v. Jones, 106 Pa. 242; Bayley v. Smith, 10
N. Y. 489; Reiter v. Morton, 96 Pa. 229; Wakeman v. Mfg.
Co., 101 N. Y. 205 (54 Am. Rep. 676).

*Mr. George H. Earle, Jr.* (with him *Mr. Richard P. White*),
for the appellee.

Counsel cited: Brown v. Finney, 53 Pa. 373; Whitlock v.
Duffield, 26 Wend. 55; Abeel v. Radcliff, 13 Johns. 297; Pry
v. Clark, 113 Mass. 283; Seeley v. Welles, 120 Pa. 76.

PER CURIAM:

The learned judge below instructed the jury that the plaint-
iff was entitled to nominal damages only.    We are wholly un-
able to see how he could claim more.    The contract fixed the
price of the five existing patterns, and then provided: " And
for prints made from any new or additional blocks, plates, or
designs, at such rates as may be from time to time mutually
agreed upon between the said Loag and the said Smith, and
approved by Robert M. Tudor, the said patentee."    The agree-
ment further provided that it might be extended for another
period of five years, etc.    In point of fact it was not extended,
and no price was agreed upon for the new plates.    No contro-
versy arose as to the old patterns.    The price was never in-
creased.    It is very evident there was no binding agreement
as to anything but the first five patterns, and as to them there
is no breach of contract alleged, although the pleadings are not
given, and it is not easy to find out what the case is about

from the paper-books.    As far as it was developed, we find no error.

Judgment affirmed.