CHARLES FOHRMANN v. THE CONSOLIDATED TRACTION COMPANY.

Argued February 24, 1899—Decided June 12, 1899.

1. A principal, whether an individual or a corporation, cannot be charged with punitive damages for the illegal, wanton or oppressive conduct of a servant unless the principal participated in the wrongful act of the servant, either expressly or impliedly by his conduct authorizing or approving it either before or after it was committed.
2. Punitive damages are in the nature of a penalty especially designed as a punishment for the wanton conduct or malicious motives of a *tort feasor*, and can lawfully be imposed only when the reprehensible act is brought home to the defendant.

On rule to show cause.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *Warren Dixon.*

For the defendant, *Vredenburg & Garretson.*

The opinion of the court was delivered by

GARRISON, J.　The plaintiff's case was that he was ejected from a car of the defendant without cause and with unnecessary violence.　The case went to the jury upon conflicting testimony, with special instructions upon the question of punitive damages.　Upon this point the language of the trial court was as follows :

" Counsel for the plaintiff has requested me to charge that you may also consider the question of punitive damages, or vindictive damages, exemplary damages.　The terms are all very similar.　It means you can consider the element of vindication to the plaintiff, punishment and example to the defendant, and award damages upon those elements.　That is his request to charge, and if you believe that the act out of which damages arose was, upon the part of the conductor,

malicious; if the act was borne in malice, and the act was done because of some malice towards the plaintiff—this is, some hatred, some bad motive, some bad intention towards him—and then you can consider the element of vindictive damages; if you find that he ejected him with malice towards him, maliciously committed the assault upon him in his ejection, if the liability is established against the defendant, then you may award exemplary, punitive or vindictive damages, computed according to your best judgment, and not by your feelings, bias or prejudice, or any other motive. You must exercise your judgment upon this element of damage, with the same caution as you would to the award of compensatory damages. You do it without exaggeration, without extravagance, and according to your best judgment. If this conductor merely made a mistake, if he was without bad intent, bad motive, without malice against the plaintiff, you will award no vindictive, no exemplary, no punitive damages, no smart money; if it was a mistake of judgment on his part, he being in the performance of his duty, with no bad intention against the plaintiff, mistook himself, then the only damages awarded is compensatory damages and no other, and he could not bind the defendant company, whose servant the conductor is, to the payment of any exemplary, vindictive or punitive damages."

The question whether a principal can be charged with punitive damages for the wanton or malicious conduct of a servant, not authorized or ratified by the principal, has recently been before the Supreme Court of the United States in a case that is practically identical with the one now before us. *Lake Shore and Michigan Southern Railway Co.* v. *Prentice,* 147 *U. S.* 101.

In that case the conductor of the defendant's train, without cause, had the plaintiff seized, taken from the train, searched, publicly humiliated and imprisoned. At the trial counsel for the defendant admitted that the railroad company was liable for full compensatory damages, but took exception to the instruction that in addition to compensation the jury

might "add something by way of punitive damages against the defendant, which is sometimes called smart money, if you are satisfied that the conductor's conduct was illegal and wanton and oppressive."

The writ of error in that case brought before the federal court the precise question that is now before this court.

The unanimous opinion of the court, delivered by Mr. Justice Gray, reviews at length the authorities, and, together with the note appended to it in the *Lawyers' Co-operative Edition*, constitutes an exhaustive digest upon the question.

The opinion in abstract holds that the "railroad company cannot be charged with punitive or exemplary damages for the illegal, wanton and oppressive conduct of a conductor of one of its trains towards a passenger;" that "punitive or vindictive damages, or smart money, are not to be allowed as against the principal unless the principal participated in the wrongful act of the agent, expressly or impliedly, by his conduct, authorizing or approving it either before or after it was committed," and that "a corporation, like a natura- person, may be held liable in exemplary or punitive damages for the act of an agent within the scope of his employment, provided the criminal intent necessary to warrant the impo- sition of such damages is brought home to the corporation."

Each and all of these propositions have my fullest assent. That they are in line with the decisions of this court is shown by the fact that Mr. Justice Gray, in stating the basis of the rule he is enunciating, cites with approval a case in this court. He says: "In *Haines* v. *Schultz*, 21 *Vroom* 481, the Supreme Court of New Jersey said of punitive damages: 'The right to award then rests primarily upon a single ground—wrong- ful motive. It is the wrongful personal intention to injure that calls forth the penalty. To this wrongful intent knowl- edge is an essential prerequisite. Absence of all proof bear- ing on the essential question, to wit, the *defendant's* motive, cannot be permitted to take the place of evidence without leading to a most dangerous extension of the doctrine *respon- deat superior.*' "

Haines *v.* Schultz was a libel suit in which there was a single publication of an article written by a reporter and inserted in the paper without the defendant's knowledge.

In a later case, where the article sued on was edited by an agent of the defendant, entrusted with that duty, and a second article, published in like tenor, the Court of Errors and Appeals held that it was not error in the trial court to refuse to charge that no punitive damages could be awarded. *Hoboken Printing and Publishing Co.* v. *Kahn*, 30 *Vroom* 218. Whether this decision rests upon the editing of the first article by a representative of the principal or upon the ratification implied in the publication of the second article, it in no way shakes the doctrine that when neither knowledge, ratification nor acquiescence is brought home to the principal, directly or by implication, he cannot be visited with a species of damages especially designed as a punishment for the wanton conduct or malicious motives of a *tort feasor*.

In the case before us the defendant was entitled to the benefit of this doctrine and was presumably injured by the submission of the question to the jury, as the verdict was for $5,000.

The rule to show cause will be made absolute.