MURRAY v. PANNACI et al.

(Circuit Court of Appeals, Third Circuit.   May 31, 1904.)

No. 48.

1. TRESPASS—DAMAGES—FAILURE TO PROVE EXTENT OF INJURY.
  In an action of trespass for removing sand from the beach in front of and upon plaintiff's lot, where there was no evidence to show the quantity taken nor from which the jury could determine the extent of the damage to plaintiff's lot, the court correctly charged that nominal damages only were recoverable.

2. SAME—EXEMPLARY DAMAGES.
  To justify the imposition of exemplary damages for a trespass, there must be evidence that the injury was inflicted maliciously or wantonly, or, at least, with wrongful motive; and defendants, who removed sand from the beach in front of plaintiff's lot in the belief that it was their legal right, and ceased at once on plaintiff's making objection, cannot properly be subjected to punitive damages.

3. SAME—DAMAGES RECOVERABLE.
  In an action of trespass for removing sand from the beach in front of plaintiff's lot, plaintiff is not entitled to recover as damages the expense incurred in a chancery suit, instituted against defendant to determine the rights of ocean lot owners, which is still pending on appeal.

In Error to the Circuit Court of the United States for the District of New Jersey.

A. Gordon Murray and John T. Bird, for plaintiff in error.
Edmund Wilson, for defendants in error.

Before ACHESON and GRAY, Circuit Judges.

ACHESON, Circuit Judge.   Hattie G. Murray, the plaintiff, and Veronica Pannaci, one of the defendants, respectively owned a lot

¶ 2. See Trespass, vol. 46, Cent. Dig. § 144.

of ground—the two lots being contiguous to each other—at Seabright, N. J., each lot having a frontage on the Atlantic Ocean. The title to each lot extended only to high-water mark originally, but afterwards Mrs. Pannaci acquired title to land in front of her lot from the State Riparian Commissioners. The plaintiff acquired no such riparian addition. In the early part of October, 1901, by procurement of Veronica Pannaci or her husband, Hurley, the third defendant, began carting sand from the beach in front of the Pannaci lot. Prior to the 17th or 18th of October some sand was taken by the defendants from the beach in front of the plaintiff's lot, but none after the last-mentioned date. In digging and carting sand from the ocean beach the defendants were acting under legal advice, but in supposing that they had a right to take sand from the beach in front of the plaintiff's lot they misunderstood the advice of counsel. Upon the plaintiff's protest they at once desisted from taking any more sand from the beach in front of her lot. There was evidence to show that some sand was taken from the plaintiff's lot by the defendants, and also that sand was washed or fell from the beach in front of the plaintiff's lot into an excavation made by the defendants on the Pannaci lot. The trial judge instructed the jury that, while there was proof that the defendants had trespassed upon the land of the plaintiff, there was no evidence showing the extent of the damage the plaintiff had thereby sustained, and that under the evidence the jury could allow nominal damages only. The judge applied to the case the familiar rule, settled by many decisions, that although a legal injury to a plaintiff is proven, yet if the extent of the injury is not shown, nor evidence given from which it can be inferred, nominal damages only can be recovered. Lance v. Apgar, 60 N. J. Law, 447, 448, 38 Atl. 695; Leeds v. Metropolitan Gas Light Co., 90 N. Y. 26, 29; Smith v. Loag, 132 Pa. 301, 19 Atl. 137; Watts v. Weston, 62 Fed. 136, 10 C. C. A. 302. Was the court right in applying the above-stated principle to this case upon the facts shown?

We fail to discover any evidence in this record by which the jury could determine the quantity of sand taken from the plaintiff's side of the dividing line between the two lots of ground, either above the high-water mark—the limit of the plaintiff's title—or below the high-water mark, where she had no proprietorship in the soil. The quantity of sand taken was left wholly uncertain by the plaintiff's proofs, as also was the amount of sand displaced by gravity or wave action. Nor did any witness state, or attempt to estimate, the amount of damage done to the plaintiff's land by the defendants' acts complained of. The judge in his charge correctly said that "the plaintiff in this case has not shown what the value of her property was before and after the alleged taking away of sand from her own or the neighboring lot." Indeed, there was a total lack of evidence as to any decrease in the value of the plaintiff's land. As to the alleged damage to the plaintiff's bulkhead, the evidence was vague and uncertain. What part of the expenditure alleged to be needed for repairs to the bulkhead was due to the defendants' acts was not shown. Upon a careful examination of the evidence, we think that the trial judge was quite justifiable in charging the jury that there was an ab-

sence of testimony showing the amount of damage sustained by the plaintiff.

It is, however, urged that the conduct of the defendants, or some of them, was such as to justify the jury in awarding exemplary or punitive damages. But this record, we think, does not disclose such misconduct or circumstances as warranted the allowance of damages of an exemplary or punitive nature. The defendants took no sand from the beach in front of the plaintiff's lot after her objection. They ceased such taking as soon as they discovered that they had misunderstood the legal advice of counsel. Their excavation of the beach in front of the Pannaci lot they evidently regarded as a lawful exercise of the riparian rights of Mrs. Pannaci. If they were wrong in this, it seems to have been an honest mistake. In trespass, to justify the imposition of exemplary or punitive damages, something more must be shown than the doing of an unlawful or injurious act. There must be evidence that the injury was inflicted maliciously or wantonly, or with circumstances of contumely and indignity, or, at least, with wrongful motive. Day v. Woodworth, 13 How. 363, 371, 14 L. Ed. 181; Phila., etc., R. R. Co. v. Quigley, 21 How. 202, 16 L. Ed. 73; Milwaukee, etc., R. R. Co. v. Arms, 91 U. S. 489, 493, 23 L. Ed. 374; Fohrmann v. Consolidated Traction Co., 63 N. J. Law, 391, 43 Atl. 892. None of these things, we think, could be justly imputed to the defendants here under the evidence.

We think no error was committed in excluding the offer of the record in the chancery litigation in the courts of New Jersey in the suit brought by Hattie G. Murray against Veronica Pannaci. In the first place, the whole of the record, it would seem, was not offered. Then, again, that litigation was still pending in the Court of Errors and Appeals of New Jersey. It involved the unsettled question of the rights of ocean lot owners in and to the beach in front of their lots. We are wholly unable to see that in the present action the plaintiff was entitled to recover any expenses incurred by her in the chancery litigation. Especially was any such claim inadmissible here in view of the fact that at the time of this trial the New Jersey chancery suit was still undetermined.

We are not able to see that the court erred in excluding the Cooper map of 1885. The preliminary proofs entitling that map to admission were insufficient. Moreover, we cannot see that any injury was done to the plaintiff by the exclusion of the map.

Upon the whole we discover no error in this record, and the judgment of the Circuit Court is affirmed.