MAJOR et al. v. HEFLEY–COLEMAN CO.
et al.

(Court of Civil Appeals of Texas. Ft. Worth.
Jan. 17, 1914. Rehearing Denied Feb. 28, 1914.)

1. SALES (§ 176*)—REMEDIES OF BUYER—ACCEPTANCE—ACTIONS FOR DAMAGES.

A buyer of cotton seed hulls for fattening cattle for market, who accepted those furnished with knowledge that they were damaged, inferior in quality, and unsuitable for his purpose, could not recover for damage to his cattle from feeding such hulls.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436–444; Dec. Dig. § 176.*]

2. SALES (§ 405*)—REMEDIES OF BUYER—ACTION FOR DAMAGES.

In such case the buyer might have refused to accept, and sue for such damages as he suffered by breach of the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1147–1155; Dec. Dig. § 405.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—UNDISPUTED EVIDENCE.

In an action for damages for breach of a seller's contract to furnish cotton seed hulls for fattening cattle for market, where there was evidence that the cattle would have put on more flesh and brought a better price if the seller had supplied the contract quality of hulls, and where damage from feeding the inferior hulls was shown, for which the seller was not liable, it could not be said that it was undisputed that the failure to furnish the contract quality was the proximate cause of injury to the cattle, and hence a submission of that issue was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. TRIAL (§ 252*)—INSTRUCTIONS—APPLICATION TO EVIDENCE.

In such action, where, on the evidence shown by the record, no other verdict than one for the seller could have been returned, no error was or could have been committed in giving or refusing charges upon his failure to furnish the contract quality and as to whether such failure was the proximate cause of damage to the cattle.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

5. SALES (§ 418*) — BREACH OF SALE CONTRACT—NOMINAL DAMAGES.

In an action for damages for the seller's breach of contract to furnish cotton seed hulls for feeding cattle, the buyer had the burden of showing the seller's liability and the amount of his damages, and, on a showing of a gross damage arising from causes, for one of which the seller was not liable, the buyer was entitled to only nominal damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

6. APPEAL AND ERROR (§ 1171*)—REVERSAL—RECOVERY OF NOMINAL DAMAGES.

Where plaintiff was entitled, at most, to nominal damages, and recovered costs in the court below, a judgment for defendant would not be remanded to enable plaintiff to recover nominal damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by L. D. Major and others against the Hefley-Coleman Company and others.

Judgment for defendants, and plaintiffs appeal. Affirmed.

J. A. Templeton, of Ft. Worth, for appellants. Capps, Cantey, Hanger & Short and D. B. Trammell, all of Ft. Worth, for appellees.

SPEER, J. This action was brought in the district court of Tarrant county by L. D. Major, A. E. Spring, Earl Spring, G. J. Keith, and J. L. Keith, as plaintiffs, against the Hefley-Coleman Company and against W. J. Hefley and W. L. Coleman, as defendants, to recover damages growing out of a breach by the defendants of their contract to furnish plaintiffs, f. o. b. cars at Ryan, Okl., certain cotton seed hulls for plaintiffs' use in feeding cattle, which they had on feed and were fattening for the market during the season of 1911–1912. The plaintiffs also sued to recover some minor items of damage growing out of a shortage in weights, excess freight charges, etc., which items were admitted by the defendants on the trial. There was a verdict and judgment for the defendants, but, by reason of the admission referred to, a judgment for costs was rendered in plaintiffs' favor. The plaintiffs have appealed.

Appellants complain that the court erred in submitting to the jury that paragraph of his charge wherein he submitted to them, as an issue of fact, whether the defendant Hefley-Coleman Company did or did not fail to furnish plaintiffs prime loose hulls of the grade and quality, and at the rate per week specified in the contract sued upon, and as to whether, if there was such failure, same was the proximate cause of any injury or damage to plaintiffs' cattle, because, it is insisted, the evidence was undisputed to the effect: First, that said defendant did not furnish such hulls as it had contracted to do; second, that plaintiffs' cattle were injured and damaged by the defendant's failure to so furnish such hulls; and, third, that such failure was the proximate cause of the injuries and damage to said cattle. Appellants invoke the principle announced in Tex. & Pac. Ry. Co. v. McCoy, 90 Tex. 264, 38 S. W. 36, to the effect that it is error to submit an issue to the jury in such a way as that the jury will be authorized to find against the undisputed facts as to such issue. Appellants also attack the verdict and judgment as being unsupported by the evidence and contrary to the undisputed facts of the case.

On November 13, 1911, appellee entered into a contract with appellant Major, whereby it undertook to supply him with 500 tons prime loose cotton seed hulls at $7.50 per ton, f. o. b. cars, Ryan, Okl. On January 15, 1912, it made another contract with appellant G. J. Keith, whereby it undertook to furnish 300 tons prime loose cotton seed hulls at the price of $7.50 per ton, f. o. b.

cars, Ryan, Okl., shipment to be forwarded at the rate of three or four cars per week, commencing after completion of the present contract with said L. D. Major. All of the appellants were, in fact, interested in each of these contracts. It is for a failure. to comply with the last contract that this action is brought. Appellee furnished the hulls required by the Major contract, and there is no complaint as to that.

[1, 2] But, as to the second or Keith contract, it is pleaded and proved that appellee did not furnish the hulls as it agreed to do, but such hulls as were supplied on the contract were a damaged lot, and were inferior to the quality of hulls agreed to be furnished, and were not suitable for the purposes for which they were intended. The evidence shows that both parties to the contract knew, at the time the hulls were tendered and received by appellants, that they were not of the quality contemplated by the contract, and appellants protested against receiving them. Appellee, however, declined to reduce the price on such hulls to appellants, and refused to ship them unless appellants would accept them on the contract. Appellants did receive such inferior hulls with a full knowledge of the fact that they were not of the quality contracted for. The pleading and evidence show that appellants' cattle sustained damage by reason of their having been fed these inferior and low-grade hulls. As to the damages thus produced, the law seems to be well settled that appellants cannot recover. In Parks v. O'Connor, 70 Tex. 377, 8 S. W. 104, Chief Justice Gaines for the Supreme Court said: "When a purchaser under an executory contract for the sale and delivery of personal property inspects the same before delivery, he is estopped to set up that it is not such as the seller has agreed to deliver, so far as all visible defects are concerned. His mere protest, in the face of his acceptance, amounts to nothing. If the property is not such as his contract calls for, he can refuse to receive it, and sue for such damages as he has suffered by the breach of the agreement. He must take the property under the contract or not at all." See, also, Easton v. Dozier, 148 S. W. 603.

[3] Appellee pleaded in great detail that appellants accepted the inferior hulls with a full knowledge of the facts, and the issue was thus clearly raised. While there was evidence to the effect that appellants' cattle would have put on more flesh and brought a better price in the market if appellee had supplied the quantity and quality of hulls agreed to be furnished, still, the evidence showing, as it did, that some damage was done by feeding the damaged hulls, for which damage under the authorities cited appellee is not liable, it cannot therefore be said, as contended in the assignment under consideration, that it was undisputed that appellee's failure to furnish the quantity and quality of hulls contracted for was the proximate cause of the injuries to appellants' cattle.

[4-6] Furthermore, in the state of the evidence disclosed by the record, no other verdict than one for the defendant could have been returned, and therefore no error was, or could have been, committed in giving or refusing the charges. As already indicated, the evidence showed without dispute that much of the damage to appellants' cattle was caused by the feeding of the damaged hulls which they accepted from appellee on the Keith contract. There is nothing in the evidence to indicate what amount of damages appellants sustained beyond those produced by feeding such damaged hulls. In this state of the evidence, therefore, the jury had no basis upon which to return a verdict for any amount. The duty devolved upon appellants not only to show a liability against appellee, but to show the amount of their damage as well. It is not sufficient to show a gross loss or damage arising from two causes, for only one of which the defendant is liable, as was, in effect, done in this case. See Murray v. Pannaci, 130 Fed. 529, 65 C. C. A. 153. In such a case, at most, the plaintiff would be entitled to nominal damages, and, since appellants recovered their costs in the court below, the cause would not be remanded to enable them to recover nominal damages. 1 Sedgwick on Damages, §§ 108, 109; 1 Sutherland on Damages (3d Ed.) § 11.

These conclusions necessarily lead to an affirmance of the judgment.

Affirmed.