### FREEMAN v. SCHWENKER.
### No. 8005.

Court of Civil Appeals of Texas. Austin.
July 2, 1934.

610

Baker & Baker, of Coleman, for appellant.

Adkins & Adkins, of Brady, for appellees.

BAUGH, Justice.

Suit was by appellant against appellee, sole owner and publisher of the Brady Standard, a newspaper published in Brady, Tex., for actual and exemplary damages, for libel. The libel alleged was in the publication of an article, copied from the San Antonio Light, reporting the proceedings in the federal court in a case wherein the Commercial National Bank of Brady had sued the United States Fidelity & Guaranty Company for $90,000 on the fidelity bonds executed by said company as surety for the officers and employees of said bank. Eight officers and employees were named, including appellant, as having misappropriated approximately $120,000 of the funds of said bank, and the statement made that all of them had theretofore been indicted by the grand jury in connection with such shortage. The appellant had not, however, been so indicted. The article in question was published on February 20, 1931. Shortly thereafter, upon discovery of such mistake, appellee published in the same paper a correction of said article as to appellant.

Appellant was a bookkeeper in said bank and in its employ from February 3, 1930, to August 13, 1930. The shortage was discovered in July, 1930, and the audit showed that in April and May appellant had withdrawn from said bank by checks drawn by him, but not charged to his account, sums aggregating $280, with which shortage he was charged and which he had never made good. On August 13, 1930, all of the officers and employees of said bank were discharged, including appellant. While not shown by proof, it may be inferred that the other seven named in the newspaper article were indicted. One of them testified in the instant case and admitted that he had been convicted. While the proof does not clearly show that appellant knowingly participated in the methods resorted to by the guilty parties to cover up and conceal the shortage, the evidence was such that the jury could readily have found that he had.

It was admitted at the outset of the case that appellant had not been indicted. At the close of the evidence the court submitted to the jury the following issue only: "What amount do you find from a preponderance of the evidence would compensate the plaintiff for the actual damages if any, sustained by him by reason of the publication of the article admitted to have been published by the Defendant in the Brady Standard on or about February 20th, 1931?" To which the jury answered "None."

Appellant objected to this issue for failure to instruct the jury that he was entitled to recover actual damages, and requested an instruction to the jury to return a verdict for such actual damages as they found he had sustained as the result of the publication of said article. The objection was overruled and the requested charge refused. That this was error is the first contention made by appellant.

After the return of said verdict, the trial court, evidently having concluded that appellant's contention here made was correct, notwithstanding said verdict, and on his own motion, entered judgment for appellant for $1 as nominal damages, and taxed against each party the costs incurred by him. His action in doing so constitutes the second ground for reversal here presented by appellant.

It is now settled law that it is libelous per se to publish a false statement that a person has been indicted for a criminal offense, and one so falsely charged is entitled to recover, as a matter of law, the actual damages suffered as a result of such libelous publication. George Knapp & Co. v. Campbell, 14 Tex. Civ. App. 199, 36 S. W. 765; Wortham-Carter Co. v. Littlepage (Tex. Civ. App.) 223 S. W. 1043; Express Publishing Co.

v. Isensee (Tex. Civ. App.) 286 S. W. 926; 36 C. J. 1197; 27 Tex. Jur. 596. It having been admitted by appellee that appellant had not been indicted, he was entitled to a peremptory instruction in his favor for actual damages, leaving to the jury only the matter of determining the amount thereof. The court erred in not so instructing the jury as requested. Appellee in effect concedes as much, but urges that, under the findings of the jury that no actual damages were sustained by appellant, he was consequently entitled only to nominal damages which were awarded him by the court, and that therefore the cause should not be reversed merely to permit a jury to award nominal damages.

█ Where the record discloses as a matter of law that a plaintiff is entitled only to nominal damages in any event, the appellate court should not reverse a case merely to enable him to recover such nominal damages. Northcutt v. Hume (Tex. Civ. App.) 174 S. W. 974; Major v. Hefley-Coleman Co. (Tex. Civ. App.) 164 S. W. 445; Von Schoech v. Herald News Co. (Tex. Civ. App.) 237 S. W. 651. The inquiry then is whether the evidence in the instant case shows that appellant was entitled to recover as a matter of law only nominal damages.

█ As stated, the trial court obviously concluded, after the return of the verdict, that the issue as submitted was erroneous, and sought to correct the error, in the light of the jury finding, by rendering a judgment different from that authorized by the verdict returned. It is a well-settled rule that, where a case is submitted to a jury upon special issues which are material, judgment of the court must be rendered upon the verdict returned, unless a verdict otherwise could properly have been directed by the trial court in the first place. Article 2211, R. S. 1925, as amended by Acts 1931, 42d Leg., p. 119, c. 77 (Vernon's Ann. Civ. St. art. 2211); Waitz v. Uvalde Rock Asphalt Co. (Tex. Civ. App.) 58 S.W.(2d) 884. Whether or not the jury, had they been properly instructed in the instant case to return a verdict in favor of appellant in some amount, would have returned a verdict only for a nominal sum, is purely a matter of conjecture. It is not contended that there was no evidence which would sustain a finding in appellant's favor for more than mere nominal damages. The record discloses that there was. In a case of this character, where the amount of the actual damages is not capable of definite ascertainment, and prima facie liability is established,

determination of the amount is necessarily lodged in the discretion of the jury. And we think it is manifest that, if the trial court could ignore the jury finding for a defendant, and upon his own motion render a judgment for plaintiff for a nominal sum, the same power would authorize him to render judgment for a substantial sum. And he could with equal reason, had the jury found a substantial sum as damages, have reduced it to a nominal sum. He has no more authority to ignore a finding in favor of the defendant, upon an issue submitted by him, and render judgment non obstante veredicto in favor of the plaintiff, than to set aside a finding in favor of plaintiff and render judgment for the defendant; unless, as above stated, a peremptory instruction would have been proper before the case was submitted to the jury. Either course would clearly constitute an invasion of the field of the jury and is not authorized. 25 Tex. Jur. 500 et seq., and numerous cases there cited. The record before us does not present a case wherein a peremptory instruction to the jury for nominal damages only could have been sustained. That being true, the judgment of the trial court must be reversed, and the cause remanded for another trial.

Reversed and remanded.