## Klemm Reflector Company v. Munro et al.

*Levi & Mandel*, for plaintiff.

*Edgar S. McKaig*, for defendants.

MACNEILLE, J., June 13, 1935.—We are considering a motion to take off a nonsuit.

This is an action to recover damages sustained by the plaintiff on the ground that it made up 200 reflectors by contract with the defendant. The contract was a dated order for reflectors "to cover our requirements." This was followed by a letter from the defendants stating "we give you a blanket order for all our requirements for reflectors, wiring, etc., up to March 31", and evidence was offered of a conversation had between an agent of the plaintiff and the defendant, in which the defendant said: "Well, now, what quantities must you buy to get the best price? What would they have to be?"

To which the plaintiff's agent said: "Not less than two hundred".

Defendant said he felt satisfied that this 200 would be absorbed within the first three months; that 200 was satisfactory; that it was satisfactory if the plaintiff made up 200.

We think this does not establish a real contract for a definite amount, and on this basis we entered a nonsuit.

The plaintiff cites cases from other jurisdictions, but we think the cases of our own Supreme Court decide the question.

In the case of Hall et al. v. Wood et al., 187 Pa. 18, it was held that such a contract is ambiguous and unless the defendant failed to pay for what it actually received or received any from another source, the plaintiff cannot recover from the defendant. In the above case, the Supreme Court approved the following language of the lower court:

"However ambiguous it may be, there is nothing in the evidence which relieves it to any extent of its ambiguity; nothing to carry it to the jury. As we read it, it is an undertaking on the part of the defendants, a company engaged in the manufacture of woolen fabrics, to purchase from the plaintiffs, who were dealers in materials, all the colored noils they would require in the course of their business as manufacturers during the year 1887, to be delivered in monthly instalments, at forty cents per pound. It has not been shown that the defendants failed in any respect to comply with their agreement, or that they failed to pay for any noils they received, or that they received any from any other source, or that they ever received from the plaintiffs any of the noils sued for in this action."

Similar conclusions were reached in the cases of McNeely v. Bookmyer, 292 Pa. 12, Smith v. Loag, 132 Pa. 301, and Farren v. McNulty, 277 Pa. 279.

It is apparent, therefore, that the original written order of November 23, 1931, was ambiguous and that the subsequent letter and the subsequent conversations never resulted in any definite understanding as to the amount

that the defendants agreed to take. The statement by one of the defendants that he felt satisfied that 200 would be absorbed within three months is not a contract to take that many, and if the plaintiff proceeds to manufacture reflectors on the basis of that conversation, it cannot recover against the defendants.

For these reasons, the motion to take off a nonsuit is dismissed.