**BIGGS et al. v. LOYD et al.**

No. 4343.

Court of Civil Appeals of Texas. El Paso.
Nov. 18, 1943.

Rehearing Denied Dec. 4, 1943.

Brown, Criss & Smallwood and P. G. Greenwood, all of Harlingen (Ronald Smallwood, of Harlingen, of counsel), for appellants.

Carter & Stiernberg, of Harlingen, for appellees.

SUTTON, Justice.

This appeal is from the District Court of Cameron County. The appellees were plaintiffs in the trial court and the parties will be described here as they were there.

The suit was brought on a lease contract to recover past due and unpaid rents; to cancel out the lease; to foreclose a lien provided for in the written lease contract on certain personal property and for possession of the premises as against

the defendants named. The trial was to the court and jury. For the purpose of opening and closing the defendants admitted the cause of action pleaded by plaintiffs, except in so far as the same might be defeated by their affirmative defenses under Rule 266, Texas Rules of Civil Procedure. At the conclusion of the testimony the court took the case from the jury on every phase of it save the suretyship setup by the defendant Murphy. That question was submitted to the jury and determined against Murphy. Judgment was rendered in favor of plaintiffs for all the relief sought by them from which the defendants each have prosecuted this appeal.

There are four points briefed by Biggs and seven by Murphy, but as we understand them they resolve themselves into three, to-wit, that the court erred in overruling defendants' pleas in abatement; in refusing to submit the requested issues on their defenses predicated on fraud, and in all events to submit the issues of fraud and if a favorable finding to award nominal damages and costs.

The premises leased consisted of a two-story building in which is operated a filling station, together with the usual grease and washing racks, accessories, etc.; automobile storage, and one living apartment on the second floor. The term was for five years, with an option to renew for a like period, for a total consideration of $18,000, payable in monthly installments. It contained the usual forfeiture clause in case of default.

It is undisputed the defendants were in default on the payment of rents under the terms of the contract. It is likewise undisputed the premises are within a Federal Rent Control Area.

The upstairs apartment was not occupied by the defendants but by a sub-tenant at the time the suit was filed and at the time of trial.

The pleas in abatement were that the plaintiffs had not complied with the rent regulations and given ten days notice before the filing of the suit as required. The facts are the notice had not been given ten days prior to the filing of the suit, but more than ten days had elapsed before the trial on the pleas and before the trial of the case. The court overruled the pleas, except insofar as the possession of the apartment is concerned occupied by the subtenant, and sustained them in that

respect and proceeded with the trial on the merits.

The judgment with respect to the termination of the lease and the recovery of the possession of the premises is as follows:

"It is further ordered, adjudged and decreed by the court that the lease contract between the plaintiffs, as lessors, and the defendants, as lessees, covering all of the following described premises, to-wit: Lots 21, 22, 23 and 24 of Block 70, of the Original Townsite of Harlingen, Cameron County, Texas, except the apartment occupied by Harry Loyd, be, and it is hereby terminated, and defendants are hereby ordered to vacate said premises immediately and to deliver possession thereof to the plaintiffs, and the plaintiffs may have their writ of possession for said premises; but

"It is ordered that the possession of the second floor apartment now occupied by the sub-tenant under W. C. Biggs, and the eviction therefrom on the second floor of the building on said premises is denied, and such possession shall not be disturbed without prejudice, however, to any rights of plaintiffs to any proper action in the future for the purpose of regaining possession of such apartment."

■ The first suggestion is, though not briefed, the judgment because of the last quoted paragraph is not final and this court without jurisdiction. We have given the question, of course, careful consideration and reached the conclusion the judgment is final. We think the judgment meets the test of finality laid down in Ware v. Jones et al., Tex.Com.App., 250 S.W. 663, par. (1), page 665. The judgment unequivocally terminates the lease contract as between plaintiffs and defendants and unconditionally awards the possession thereof to plaintiffs as against the defendants. A fair construction of the last quoted paragraph is, we think, the possession of the sub-tenant, who is not a party to the suit, is left undisturbed.

■ We regard the defendants outside the provisions of the rent control regulations, because they did not possess the apartment except through the sub-tenant. We construe the regulations to apply to the party actually occupying the housing accommodations. The regulations are not promulgated for the protection of a single individual but for the protection of the

public—the National—interest, hence the provision for the notice. The notice goes to the public interest and the purpose is to give the National Authorities an opportunity to protect the National interest. It cannot reasonably be said the notice is to prevent the filing of a suit, but we conclude the purpose is to afford the authority an opportunity to protect itself and the public interest against an unjust result and judgment. In the circumstances every purpose of the notice has been served. Besides the actual occupant of the housing accommodations remains undisturbed. There is no claim or suggestion that anyone has been prejudiced by the failure to give the notice complained of. The notice was given January 5, 1943, and the suit filed on the eighth, three days later. The amended petition on which the suit was tried was filed February 25, 1943. In similar circumstances it has been held error to dismiss the suit. Hart v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 42 S.W.2d 798, error refused.

On the issue of fraud defendants set up that the plaintiffs in the course of the negotiations leading up to the lease of the premises fraudulently represented to the defendant Biggs they had done in January, 1939, cash sales business to the amount of $2900; in February $2700, and in March $2800, which were the three months immediately preceding the execution of the lease contracts; that in truth the amount of cash business done in such months was, $1166.76 for January, $1244.99 for February and $1238.43 for March; that such false representations misled them and induced them to enter into the contract.

There is no pleading of injury or damage, nor is there any proof thereof, so far as we are able to find, and we have been cited to none. In diminution of plaintiffs' claim they plead:

"If the plaintiffs had been doing the cash business as represented to these defendants, a fair and equitable price for a five year lease on said premises would have been $18,000.00, but the actual value and worth of the lease, based upon the actual cash income of plaintiffs, rather than the income represented to the defendant Biggs by them, would have been a sum not exceeding $12,000.00 for a five year lease on said premises, or $200.00 per month instead of $300.00 per month, as provided by the terms of said lease."

Their prayer is that plaintiffs be denied the relief sought by them, except that they have judgment against the defendants for the sum of $340.70 (which makes up the sum of $12,000 for the lease period), and in all events the recovery against them be diminished to such an extent as it may be determined that the lease value and worth was less than $18,000, after deducting the $11,659.30 heretofore paid.

■ As has been said: "It is elementary that where a false representation is charged to have misled a party into signing a contract, he must not only show the falsity of the representations, that he was misled by such and induced to sign the contract thereby, but he must also show that he has been damaged and the extent of his damages." Russell v. Industrial Trans. Co., 113 Tex. 441, 251 S.W. 1034, 1037, 258 S.W. 462, 51 A.L.R. 1. Of course, there is no error in the failure to submit the issues of fraud.

■ Defendants insist in all events they are entitled on a finding of fraud to nominal damages and to recover costs, and the court, therefore, erred in refusing their issues submitting fraud. They admitted the plaintiffs were entitled to recover the difference between what they had already paid and $12,000, that is $340.70. This would entitle the plaintiffs to recover the costs. Furthermore, an appellate court will not reverse a case for the purpose of giving a party the opportunity to recover nominal damages only. Major v. Hefley-Coleman Co., Tex.Civ.App., 164 S.W. 445; Freeman v. Schwenker, Tex.Civ.App., 73 S.W.2d 609, and DeGarza v. Magnolia Pet. Co., Tex.Civ.App., 107 S.W.2d 1078.

There is no error shown in the record and the judgment of the trial court will be affirmed.

WALTHALL, J., not participating.