## HALL v. SOUTHERN STATES LIFE INS. CO.

### No. 12415.

Court of Civil Appeals of Texas. Galveston.

July 17, 1952.

No counsel for appellant.

Spiner, Pritchard & Thompson, Clark G. Thompson, of Houston, for appellee.

CODY, Justice.

This is an appeal from a summary judgment, and we are unable to pass upon the merits of appellant's appeal from his brief. We think it not contemplated that in such a case as this we should render judgment solely upon appellee's brief.

■ Appellant's brief contains no statement of the nature and result of the case. It consists of two pages. On the first page he lists 10 complaints, which we assume were intended to be his points. These complaints, or points, are in such general terms as that "judgment rendered in trial court in said cause is not based upon fact or law," or they are complaints against alleged actions taken by the trial court in the process of the trial of the motion for summary judgment, most of which are of such character that only could be reflected by the statement of facts, or by bills of exception. The points are not supported by any reference to the transcript, in which no bills of exception appear to have been reserved, and no statement of facts has been brought up. No authorities have been cited except on the second page of his brief. Appellant refers to "(1) The statute of fraud," "(2) The statutes and cases pertaining to real estate," "(3) The statutes relating to summary judgment," "(4) all cases relating to summary judgment which appellant will cite in argument before the Court."

Appellee complains against such flagrant violation of the briefing rules and asks that the brief be not considered. It is impossible to treat the document filed by appellant as his brief, but under Rule 422, Texas Rules of Civil Procedure, we conceive it our duty not to dismiss the brief, but to order the case rebriefed so as to enable the Court to decide the case within contemplation of Rule 429. Appellant is a layman, and upon oral argument he was very solicitous to be allowed to cite some authorities about which he was not clear. We think it proper to call his attention to the fact that if we should dismiss his brief he would have the right, on motion for rehearing, to request that he be allowed to rebrief his case, and in the interest of time and that justice may be done, he is permitted to have a brief prepared properly and filed here expeditiously, giving a copy to appellee. We are aware that this action works a delay and a hardship upon appellee of which appellee vigorously complained upon the submission of this case, but such delay and hardship are required that we can be sure appellant has had a full opportunity to present his appeal.

Wherefore, the appeal herein will be dismissed for want of prosecution unless appellant shall file herein within 30 days from this date a new brief properly prepared in accordance with the Texas Rules of Civil Procedure, and in accordance with the requirements as discussed in this opinion.

### Supplemental Opinion.

■ Appellant having failed to comply with the order of this Court to file an acceptable brief within thirty days from July 17, 1952, his appeal will be dismissed for want of prosecution.

It is so ordered.