Charles W. ROSSI, Appellant,

v.

Ray D. JOHNSON, Appellee.

No. 13900.

Court of Civil Appeals of Texas.

San Antonio.

March 7, 1962.

Bryan Wingo, Corpus Christi, for appellant.

Thompson & Thompson, Corpus Christi, for appellee.

MURRAY, Chief Justice.

The nature and result of this suit, as stated by appellant, are as follows:

Appellant, Charles W. Rossi, Corpus Christi, Nueces County, Texas, before and after September 21, 1959, was the owner of Lot 11, Block 15, Villa Gardens Subdivision, Corpus Christi, Nueces County, Texas; sometime anterior to September 21, 1959, the appellee purchased a tract of land lying South and abutting the property owned by appellant; on or about the 21st day of September, 1959, appellee entered upon his premises, and in the process of clearing trees and undergrowth therefrom, and more specifically, along the rear property line of his property, ordered his employees to cut certain trees and brush along such property line; that the area to be cleared out by appellee, through his employees, encompassed an area approximately seventy five feet in distance and approximately five feet in width over on appellant's property, and appellee, through his employees, entered upon appellant's property, and cut down eleven trees three feet inside appellant's property line, which trees were used for the purpose of a screening barrier between appellant's property and the property South, of which appellee's property was a part.

The hedge cut by appellee was used by appellant for screening his property from industrial property and farm lands immediately South; by appellee's acts such screening was removed, and such removal created a diminution of the value of appellant's property in the sum of $1200.00, which sum would be the difference in a reasonable market value of appellant's property immediately before and immediately after the cutting of said hedge.

Appellee counter answered appellant's suit by filing a cross action, and asking for an injunction against appellant for certain trees or vines growing on and pushing against a fence erected by appellee, thereby pleading in his action that such trees, because of their growth, were creating a nuisance and damages to his property.

The case was tried before a jury, and three special issues were submitted to the jury; as a result of the jury's findings on such special issues, appellant was found not to have been damaged by the cutting of his trees, and said jury found grounds for an injunction against appellant, from which verdict and judgment appellant has taken this appeal.

■ Appellant's brief does not contain a single point of error, assignment of error, proposition of error, or anything that resembles the same. This was a trial before a jury and a motion for new trial was filed, but there is no reference to any assignments made in the motion for a new trial. We are aware of the rule that where a motion for a new trial is filed it shall constitute the assignments of error on appeal. Rule 374, Texas Rules of Civil Procedure. This rule does not relieve the appellant of the burden of briefing his assignments, and to take advantage of his assignments of error he must brief them. Treme v. Thomas, Tex.Civ. App., 161 S.W.2d 124. Rule 418, T.R.C.P. requires that the brief contain the points upon which appellant is relying for reversal. If there are no points in the brief, there is nothing presented to the appellate court. Points are an indispensable part of every brief. Wagley v. Fambrough, Tex.Civ.

App., 163 S.W.2d 1072, affirmed, 140 Tex. 577, 169 S.W.2d 478.

The appellant made no points in his brief, and therefore could not make a statement or argument under each point. He did make a general argument and that is all. In this one argument appellant, in numerous ways, complains about the findings of the jury which were against him and the failure of the court to render judgment in his favor for at least nominal damages. He also complains of the introduction of certain pictures in evidence.

Appellant's brief amounts to a flagrant violation of the briefing rules as stated in Rule 418, supra. Under such circumstances, Rule 422, T.R.C.P., provides in effect that we may, in the interest of justice, give appellant further time for rebriefing. Appellee came to appellant's aid and made several counter-points as to what he believes appellant had in mind.

We will now consider these counter-points. Appellee's first counter-point is to the effect that appellant waived his right to complain because he did not object to the charge of the court or request an instruction on nominal damage or an issue submitted on nominal damage.

■ Appellant alleged a trespass upon his lot and asked for actual damages in the sum of $1200.00, being the alleged difference in the market value of the lot immediately before and immediately after the trespass. He also asked punitive damages in the sum of $5,000.00, but did not ask for nominal damages. He did not except to the charge for failure to submit nominal damages, or request an issue on nominal damages, and thus he waived the matter of nominal damages. Lucas v. Morrison, Tex. Civ.App., 286 S.W.2d 190; Allbritton v. Mading's Drug Stores, Inc., Tex.Civ.App., 138 S.W.2d 901; Mitchell v. Heard, Tex. Civ.App., 98 S.W.2d 832.

■ Where the question of nominal damages was not submitted to the jury, after verdict, if appellant wants judgment for nominal damages and his costs, he must by proper motion request such a judgment, and where he has not done so, on appeal he will not be heard to demand that the judgment be reversed and the cause remanded so that upon another trial he may be permitted to ask for nominal damages and court costs. De Garza v. Magnolia Petroleum Co., Tex. Civ.App., 107 S.W.2d 1078; Morin v. Houston Press Co., Tex.Civ.App., 103 S.W.2d 1087; Freeman v. Schwenker, Tex.Civ. App., 73 S.W.2d 609; Von Schoech v. Herald News Co., Tex.Civ.App., 237 S.W. 651; Major v. Hefley-Coleman Co., Tex. Civ.App., 164 S.W. 445.

■ Appellee's counter-points numbered Two and Three relate to the court's action in admitting in evidence certain photographs of the trees which were cut back by appellee. These photographs were admissible in evidence in support of appellee's cross-action asking for an injunction against appellant, and the trial court did not err in admitting them.

■ Counter Point Four relates to the admission of the testimony of witnesses Caswell and Dickson as to the damage to appellant's lot by cutting down the tamarish or salt cedar hedge. They both qualified as expert real estate brokers and there was no error in admitting their evidence.

■ Counter Point Five relates to the admission in evidence of the testimony of Dickson, Caswell and Allison. Allison stated his experience as Superintendent of the Sewer Division of the City of Corpus Christi, and the effect of roots from salt cedars on sewer lines. There was no error in admitting his testimony relating to whether salt cedar trees were a nuisance. Neither was there any error in admitting the testimony of Dickson and Caswell as to the salt cedar trees constituting a nuisance.

■ There is no error shown in the action of the trial court in granting appellee an injunction against appellant's maintain-

ing his tamarish or salt cedar hedge in such a manner as to injure appellee's chain link fence which was located some fourteen inches from appellant's property line.

We see no reason for allowing appellant additional time for re-briefing his cause under the provisions of Rule 422, T.R.C.P., because he flagrantly violated the rules of briefing as prescribed by Rule 418, T.R.C.P.

Accordingly the judgment of the trial court is affirmed.