Arthur C. STEERE, Appellant,

v.

STATE BAR OF TEXAS, Appellee.

No. 16358.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 23, 1974.

On Motion for Advancement

COLEMAN, Chief Justice.

On April 18, 1974, prior to the filing with this court of the transcript and state-ment of facts in the above numbered and entitled cause, appellant filed with this court an instrument entitled "Plea, Motion, or Brief of Appellant, or Relator, Arthur C. Steere." Subsequently on May 16, 1974 the statement of facts and transcript were properly filed in this court. There has also been filed in this court an instrument entitled "Motion for Advancement."

Rule 414, Texas Rules of Civil Procedure, requires three copies of an appellant's brief to be filed with the court of civil appeals within thirty days of the filing in this court of the transcript and statement of facts, and one copy to be forwarded to the opposing counsel. Rule 418, Texas Rules of Civil Procedure, requires that appellant's brief contain in the order here stated: (1) A short, plain statement of the nature of the case without argument; (2) A statement of the points upon which the appeal is predicated, separately numbered in short form and without argument; (3) A brief of the argument to include (a) a fair, condensed statement of the facts pertinent to the point or points discussed, with references to the pages in the record where the same may be found, and (b) a discussion of the facts and authorities relied upon.

The instrument filed herein as a brief is such a flagrant violation of the rules as to require rebriefing as authorized by Rule 422, Texas Rules of Civil Procedure. For many years appellant held a license to practice law and he is here seeking its restoration. He does not occupy the status of a layman unlearned in the intricacies of legal practice. It is not too much to require that he substantially comply with the rules of briefing heretofore set out. Appellant's application for preferential setting will not be considered until such brief has been filed. Hall v. Southern States Life Insurance Co., 251 S.W.2d 961 (Tex.Civ.App., Galveston 1952); Rossi v. Johnson, 355 S.W.2d 582 (Tex.Civ.App., San Antonio 1962).

This court has repeatedly ignored intemperate, abusive and vituperative language contained in instruments filed by appellant. We will no longer follow this policy. Batson-Milholme Company v. Faulk, 109 Tex. 480, 211 S.W. 972 (1919); Sanger v. First National Bank, 170 S.W. 1087, 1096 (Tex.Civ.App., Amarillo 1914, error ref.); Millers' Indemnity Underwriters v. Lane, 241 S.W. 1085, 1086 (Tex.Civ.App., San Antonio 1922, error dism'd); Turman v. Turman, 99 S.W.2d 947, 951 (Tex.Civ. App., Fort Worth 1936, error dism'd, cert. den. 301 U.S. 698, 57 S.Ct. 933, 81 L.Ed. 1353).

The Clerk is directed to strike from the records of the court the appellant's brief filed herein April 18, 1974, and to return to appellant the instrument presented for filing on May 7, 1974, entitled "Plea, Motion or Request for Summary Judgment on Reversal and Rendition of 'Judgment' Below."