Don M. SMART, Appellant,

v.

TOWER LAND AND INVESTMENT
COMPANY, Appellee.

No. 20894.

Court of Appeals of Texas,
Dallas.

May 21, 1982.

Rehearing Denied July 2, 1982.

Timothy E. Kelley, Dallas, for appellant.

Hubert D. Johnson, Johnson & Cravens, Dallas, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

This is an appeal from a judgment that appellant Don M. Smart take nothing in his suit against appellees Tower Land and Investment Company, W. R. Payne and R. B. Payne for usury. We affirm in part and reverse and render in part.

■ This case comes to us for the second time following remand by the Supreme Court of Texas to the trial court. *See Smart v. Tower Land and Investment Company*, 597 S.W.2d 333 (Tex.1980). This case was first tried in 1978. In the 1978 trial, Smart went to trial on his first amended counterclaim seeking statutory penalties under Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1971)[1] praying for recovery of the proceeds of the sale of the property for which the note in question was given in part consideration, and in the alternative for three times the amount of interest he paid Tower on the note on December 19, 1974, and three times the amount of interest he paid Tower on December 24, 1973, plus a payment of $16,765.20 he alleges to have paid Tower as principal on the note. We conclude that there is no merit in Smart's claim for recovery of the proceeds of the sale of the property. Such proceeds are not included within the penalty provisions of article 5069–1.06. We conclude further that there is no merit in Smart's claim for $16,765.20 he alleges he paid Tower as principal on the note. The record reflects that this $16,765.20 was paid as a down payment on the purchase of the property. We hold that a down payment on the purchase of property is not a payment of principal on a purchase money note given as a part of the consideration for the purchase of the property. Therefore, in the present case, and for the reasons set forth below, we are concerned only with Smart's right to recover a statutory penalty based on the admitted interest payments of December 19, 1974, and December 24, 1973, and the amount of that penalty.

The trial court and the court of civil appeals found that the note was not usurious. The supreme court reversed, holding that the note was usurious on its face, and remanded for a determination of damages. Smart then filed second and third amended counterclaims seeking penalties under article 5069–1.06 for interest contracted for as well as interest received. The trial court struck Smart's second and third amended counterclaims, held Smart was not an obligor within the meaning of article 5069–1.06 because he was not personally liable on the note, and rendered judgment that he take nothing.

■ At the outset we note that the supreme court determined that the note was usurious and remanded for a determination of damages. Thus the question of whether the note was usurious, having been decided by the supreme court, is not before us. We also conclude that, contrary to the trial court's ruling, the question of whether Smart was an obligor within the meaning of article 5069–1.06 is not before us. Since the supreme court remanded the case with instructions to determine damages, it impliedly held that Smart was an obligor entitled to damages under article 5069–1.06.

We next determine the scope of the inquiry on remand. Smart maintains that the trial court erred in striking the second amended counterclaim. Smart sets forth the damages sought in those pleadings as follows:

1.  (a) Down payment = $16,765.20
    (b) Interest actually paid = $253,599.38

---

**1.** 1967 Tex.Gen.Laws, Ch. 274 § 2. We note that the legislature subsequently amended subsection (1) in 1979 substantially changing the penalty calculation.

(c) Interest on the above amounts at the rate of 6% per annum to 5–19–80 = $140,481.32.

Subtotal      $ 410,845.90

2. (Under Subsection [1] of Article 5069–1.06)

(a) Two times the interest contracted for or $615,084.20

Subtotal      $ 615,084.20

3. (Under subsection [2] of Article 5069–1.06)

(a) Principal—$534,315.00

(b) Interest contracted for $307,942.10

TOTAL      $ 1,868,987.20

Plus reasonable attorneys fees in the amount of $186,898.70.

■ Citing Tex.R.Civ.P. 66, 67 Smart argues that his new pleadings were merely trial amendments which should have been permitted. We do not agree. The supreme court remanded for a determination of damages. We interpret the supreme court's remand to direct the district court to examine Smart's first amended counterclaim on which he went to trial and determine from that pleading and the evidence offered under that pleading at the 1978 trial the amount of damages Smart was entitled to recover. In this appeal we will undertake to do so in view of the district court's disposition of the case on remand. Certainly Smart recognizes that damages must be determined based on his pleadings at the 1978 trial; otherwise he would not seek to enlarge the relief sought by a "trial amendment."

The reason the supreme court remanded rather than rendered on the record before it is understandable. Although the supreme court's opinion does not so indicate, we are advised by counsel in this case that the pleadings of Smart upon which the parties went to trial in the 1978 trial of this case were not included in the transcript in the first appeal of this case. Thus the supreme court was without a crucial part of the record needed to determine the damages for usury. The supreme court was unable to determine what amount was prayed for by Smart as damages. As pointed out elsewhere in this opinion, we have examined that trial pleading of Smart and have determined damages in light of the prayer for relief in that pleading.

As will be discussed below, Smart cannot have damages for usury not prayed for in his first amended counterclaim upon which he went to trial. Since remand was accompanied by instructions restricting the trial court to one particular issue, the parties must keep within that issue and not create new issues or seek new relief. *See Liberty Leasing Company Inc. v. Still,* 582 S.W.2d 255 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Owens v. Lubbock Independent School Dist.,* 237 S.W.2d 711 (Tex.Civ. App.—Amarillo 1950, writ ref'd n.r.e.). Moreover, the trial court did not abuse its discretion in refusing to allow Smart to file a trial amendment after judgment, appeal to the court of civil appeals and remand by the supreme court. The delay is too great.

Accordingly, for the reasons stated, the trial court was correct in striking Smart's second and third amended counterclaims.

■ Smart alternatively argues, however, that the lack of pleadings seeking damages based on interest contracted for, as well as that received, was waived by Tower and tried by consent. Smart points our the following testimony at the 1978 trial:

"Q. Now with reference to your usury claim, your counter-claim, are you contending that you did actually pay more than 10% per annum interest on the $517,000.00 principal balance on the note?

"A. Did I contract to pay for more?

"Q. No, did you actually pay for more?

"A. More than what?

"Q. Ten percent per annum from the period of—from any time from 1968 when you signed the note, until 1975 when you left the property.

"A. No, I'm not contending that I actually paid more than that, I'm contending that I contracted for more.

"Q. So once again it is the language, and now I am holding up Defend-

ant's Exhibit 1 which is the note. It is the language of this note itself that you maintain contains usury.

"A. Yes, I believe so."

We do not agree that this questioning by Tower's attorney waived Tower's right to complain of lack of pleadings to support damages for interest contracted for. Instead, it clearly shows that Tower was attempting to determine exactly upon what Smart based his claim. We do not agree that the lack of pleadings seeking damages based on interest contracted for, as well as that received, was waived by Tower and tried by consent.

We must next determine the amount of damages to which Smart is entitled under his first amended counterclaim. In that pleading, Smart alleged that he paid Tower $51,754.98 on December 19, 1974, and $36,228.48 on December 24, 1973. That pleading asserts both payments to be interest. Smart also alleged that the total interest paid Tower was $253,599.38. In his prayer, however, Smart prayed only for statutory penalties for the interest payments made on December 19, 1974 and December 24, 1973. (Three times $36,228.48 or $108,685.44, and three times $51,754.98 or $155,264.94). We hold that Smart is limited to the maximum amount of damages sought by his prayer, *Burk Royalty Company v. Walls*, 596 S.W. 932 (Tex.Civ.App.—Fort Worth 1980), *aff'd* 616 S.W.2d 911 (Tex.1981); *Williams v. Wyrick*, 242 S.W.2d 669 (Tex.Civ.App.—San Antonio 1951), *aff'd* 151 Tex. 40, 245 S.W.2d 961 (Tex.1952), thus only the $51,754.98 and $36,228.48 payments are available for determining statutory penalties. We hold, therefore, that all of the other amounts Smart urges be included in the calculation of damages are not recoverable by Smart. We consider and dispose of these other amounts as follows.

As pointed out elsewhere in this opinion, we have concluded that there is no merit in Smart's claim for recovery of the proceeds of the sale of the property. Such proceeds are not included within the penalty provisions of article 5069–1.06.

We have also pointed out elsewhere in this opinion that there is no merit in Smart's claim for the $16,765.20 down payment on the purchase of the property. A down payment on the purchase of property is not a payment of principal on a purchase money note given as part of the consideration for the purchase of the property. Moreover, forfeiture of a down payment is not included within the penalty provisions of article 5069–1.06.

With respect to Smart's claim for $253,599.38 interest actually paid we have pointed out above that for the reasons stated only that part of this interest paid represented by the $51,754.98 and $36,228.48 payments is to be included in the calculation of damages.

Nor is there merit in Smart's claim for interest in the amount of $140,481.32 as interest on the $16,765.20 down payment and the $253,599.38 interest actually paid. Such interest is not included within the penalty provisions of article 5069–1.06. Moreover, recovery of this $140,481.32 interest was not sought by Smart in his prayer in his first amended counterclaim.

In support of his claim under article 5069–1.06(1) for two times the interest contracted for in the amount of $615,084.20, Smart reads the supreme court's opinion remanding this case to the trial court as directing the trial court to award damages based on interest contracted for. We do not agree. While the supreme court may have considered interest contracted for in analyzing hypothetical circumstances making the note usurious, the supreme court did not direct that damages be computed on that basis. Nor did the supreme court direct that damages be computed on the basis of interest received. The supreme court left the computation of damages to the trial court and as we have pointed out elsewhere in this opinion we interpret the supreme court's remand as directing the trial court to examine Smart's trial pleading and determine from that pleading and the evidence offered under that pleading at the 1978 trial the amount of damages Smart was entitled to recover. We hold that the

supreme court's remand was not intended to enlarge Smart's prayer for relief in the trial court. Consequently, Smart is not entitled to recover the interest contracted for in the sum of $307,942.10 or twice the interest contracted for in the sum of $615,084.20. Moreover, Smart did not seek to recover this amount in his prayer in his first amended counterclaim.

■ The principal amount of $534,315.00 cannot be recovered by Smart under article 5069–1.06(2) even assuming that in excess of double the amount of interest allowed has been contracted for, charged or received. Smart did not seek to recover this amount in his prayer in his first amended counterclaim.

■ Smart's claim under article 5069–1.06(2) for interest contracted for in the amount of $307,942.10 cannot be allowed. Not only did Smart fail to seek to recover this amount in his prayer in his first amended counterclaim, but analysis of section (2) of the statute denies recovery of this amount. Moreover, that same analysis disposes of Smart's claim that he is entitled to recover interest actually paid in the amount of $253,599.38 under article 5069–1.-06(2). The applicable sections of that statute reads:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

(2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder.

We interpret the statute to mean that any person who contracts for, charges or receives interest which is greater than the amount authorized shall forfeit to the obligor twice the amount of interest contracted for, charged or received and if that interest is in excess of double the amount of interest allowed, then that person shall also forfeit as an additional penalty all principal *as well as* the double amount of interest he shall forfeit for charging interest which is greater than the amount allowed. The phrase "as well as interest" used in section (2) of article 5069–1.06 insures that forfeiture of the amount of interest contracted for, charged or received and doubled in section (1) does not fail under the conditions of section (2). The reference to interest in section (2) is not intended as an additional penalty such as the forfeiture of principal. The language in section (2) merely saves that part of the penalty that was imposed by section (1). Sections (1) and (2) must be construed together. Any suit resulting from contracting for, charging or receiving interest in excess of double the amount of interest allowed will necessarily involve interest which is greater than the amount authorized. We note that both sections provide for attorney's fees. Clearly the statute does not intend that the defendant receive two awards of attorney's fees—one under each section. By the same token, the statute does not intend that the defendant be awarded penalty amounts of interest under both sections. Smart is not entitled to recover interest contracted for in the amount of $307,942.10 or interest actually paid in the amount of $253,599.38 under section (2) of the statute.

■ Smart also asserts that under article 5069–1.06(1) he is entitled to three times the amount of interest paid under the note. Smart contends that in the present case the interest was paid by Smart and to require Tower to pay only twice the amount of interest already paid would in effect re-

quire Tower only to forfeit the amount of interest actually paid plus another sum of the same amount, which would not be a forfeiture of twice the amount paid, but only one time the amount paid. Therefore, Smart argues he is entitled to recover under this theory the amount of interest actually paid plus an amount equal to twice the amount of interest actually paid. We do not agree. This argument has been rejected by the supreme court in *First State Bank of Bedford v. Miller*, 563 S.W.2d 572 (Tex. 1978). In that case the court of civil appeals, in interpreting article 5069–1.06(1), had reasoned: "To effectuate the intent of the usury statute, the interest payment should be returned to Mrs. Miller before she recovers twice the interest charged, so that the net effect is a forfeiture of twice the interest charged." *Miller v. First State Bank*, 551 S.W.2d 89, 103 (Tex.Civ.App.—Fort Worth 1977). The supreme court did not agree with this interpretation and held that:

> Since provisions for forfeitures and statutes of a penal nature are to be strictly construed, we hold that twice the amount of usurious interest contracted for, charged or received is the maximum that may be recovered by an obligor under the provisions of Article 5069–1.06(1). *First State Bank of Bedford v. Miller*, 563 S.W.2d at 577.

Accordingly, we too reject Smart's argument that under article 5069–1.06(1) he is entitled to three times the amount of interest paid on the note.

◼ Smart also contends that under article 5069–1.06(2) he is entitled to recover "other charges" which would include:

a. Down payment of $16,765.20;

b. Interest actually paid of $253,599.38;

c. Interest actually paid of $253,599.38, under a common law theory of recovery for payments made on an illegal contract.

together with interest on the above amounts under (a) and (b) at the rate of 6% per annum to May 19, 1980, in the sum of $140,481.32, for a total of "other charges" in the amount of $410,845.90. We do not agree. None of the elements claimed to be "other charges" constitute a "charge" within the meaning of the statute. A "down payment" of $16,765.20 is payment on the purchase price of the property; not a "charge" for a loan. Interest of $253,599.38 is specifically covered in the statute as "interest" and thus cannot be "other charges." Interest on the $16,765.20 down payment and on the actual interest paid of $253,-599.38 cannot be "other charges". Smart does not contend that Tower ever "charged" Smart this $140,481.32 or that Smart became obligated to pay, or paid, Tower this $140,481.32. Moreover, Smart cannot recover the amount of these "other charges" because recovery of these "other charges" was not sought by Smart in his first amended counterclaim.

◼ Smart would be entitled to recover attorney's fees under the statute, but because he failed to present evidence of reasonable attorney's fees he has waived them. *See Johns v. Jaeb*, 518 S.W.2d 857 (Tex.Civ. App.—Dallas 1974, no writ).

We have considered and disposed of Smart's various contentions and theories concerning the amount of damages which Smart argues he is entitled to recover. In summary we conclude that Smart is entitled to only recover twice the amount of the interest payments made on December 24, 1973, and December 19, 1974. The first of these payments was for $36,228.48 and the second for $51,754.98. Accordingly, Smart is entitled to recover a total of $175,966.92.[2]

At the 1978 trial it was stipulated that both the $36,228.48 paid by Smart to Tower on December 24, 1973, and the $51,754.98 paid by Smart to Tower on December 19, 1974, were paid and received as interest on the note. With this evidence the court is in a position to render judgment under our

**2.** We note that in his first supplemental answer and counterclaim filed August 18, 1977, and bearing on the first page the unsigned notation "withdrawn", Smart prayed for judgment "in the amount prescribed by statute as *$175,-966.92 for interest*, $16,765.20 for principal paid, costs and reasonable attorney fees." (Emphasis added)

holding in this appeal. Accordingly, we reverse the trial court's judgment that appellant Don M. Smart take nothing against appellee Tower Land and Investment Company and render judgment in favor of appellant Don M. Smart against Tower Land and Investment Company for $175,966.92 with interest at the rate of 9% from January 7, 1981, the date of the trial court's judgment. We find nothing in the record in the 1978 trial that would support a judgment against appellees W. R. Payne and R. B. Payne. Accordingly, we affirm that part of the trial court's judgment that appellant Smart take nothing against appellees W. R. Payne and R. B. Payne. All costs are taxed against the appellee Tower Land and Investment Company.