**Don DEAN, Plaintiff–Appellee,**

v.

**Jimmy DEAN, Defendant–Appellant.**

**No. 86–1261.**

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1988.

Michael W. Huddleston, R. Brent Cooper, Dallas, Tex., for defendant-appellant.

Christopher H. Rentzel, Martha J. Hardwick, Dallas, Tex., for plaintiff-appellee.

Before EDWARDS * and RUBIN, Circuit Judges.**

ON SUGGESTION FOR
REHEARING EN BANC

(Opinion July 13, 1987, 5th Cir.1987,
821 F.2d 279)

PER CURIAM:

Seeking reconsideration of our prior opinion in this breach-of-contract action,[1] the plaintiff-appellee, Don Dean, contends that the Texas Supreme Court would have allowed damages for his mental anguish and that we erred in failing to do so, relying principally on the decision of the Texas Supreme Court in *St. Elizabeth Hospital v. Garrard.*[2]

■ In *Garrard,* however, recovery was sought for negligence, and the primary focus of that opinion is on the elimination of the requirement of physical manifestation as a prerequisite to recovery for emotional distress. In *Harmon v. Grande Tire Co.,*[3] a decision rendered by another panel of this court on the same day as *Dean,* we refused to extend the *Garrard* holding to permit a spouse to recover damages for mental anguish caused by an injury to her husband when she had not witnessed the accident and had shown no physical manifestation of her mental anguish. The *Harmon* panel majority followed the general rule that federal courts in diversity cases do not adopt innovative theories of recovery or defense but simply apply state law as it exists.[4] While our opinion in *Dean* did not cite

* Circuit Judge of the Sixth Circuit, sitting by designation.

** Due to his death on October 19, 1987, Judge Hill did not participate in this decision. The petition for rehearing is being decided by a quorum. 28 U.S.C. § 46(d).

1. *Dean v. Dean,* 821 F.2d 279 (5th Cir.1987).

2. 730 S.W.2d 649 (Tex.1987).

3. 821 F.2d 252, 257–59 (5th Cir.1987).

4. *Id.* at 259.

*Garrard*, it adopts essentially the same approach as the *Harmon* panel majority, declining to adopt innovative theories of recovery for Texas law or to extend existing case law.[5] Absent some further indication from the Texas courts, we decline to extend *Garrard*'s holding to the law of contracts.

 Don Dean also asserts now, for the first time, that we should have recognized at least his right to recover nominal damages. Texas courts have held that under some circumstances, nominal damages are necessarily suffered as a result of a breach of contract.[6] However, under Texas law, a party cannot waive or refuse to ask for a special instruction on nominal damages and thereafter claim the benefit of the law entitling him to such damages.[7] We likewise decline to consider this issue, following the well-settled practice that a court of appeals generally will not consider claims raised for the first time in a petition for rehearing.[8]

Don Dean did not seek nominal damages as an alternative theory or recovery in his pleadings or at any other time before the trial court, or indeed, in his brief on appeal. He argues, in his reply brief on rehearing, that the trial court nevertheless instructed the jury concerning the option of awarding nominal damages. This assertion, however, only underscores that he should have been on notice to raise his claim for nominal damages on appeal. Patently, this claim is asserted belatedly as a lever to secure an award of costs and attorney's fees. We will not permit the closed door thus to be forced open.

For these reasons, the application for panel rehearing is DENIED. No member of the panel nor judge in regular active service of this court having requested that the court be polled on rehearing en banc

(Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing is DENIED.

---

**5.** *See Dean*, 821 F.2d at 284.

**6.** *See, e.g., Allbritton v. Mading's Drug Stores*, 138 S.W.2d 901, 904 (Tex.Civ.App.—Galveston 1940, no writ).

**7.** *Id.* at 904; *see also Dennis v. Galbreth*, 228 S.W.2d 579, 581–82 (Tex.Civ.App.—Fort Worth 1950, no writ).

**8.** *See, e.g., Wells v. Rushing*, 760 F.2d 660, 661 (5th Cir.1985); *Jamestown Farmers Elevator, Inc. v. General Mills*, 552 F.2d 1285, 1295–96 (8th Cir.1977).