George BROADY, Appellant,

v.

Loyd JOHNSON, Appellee.

No. 9631.

Court of Appeals of Texas, Texarkana.

Nov. 15, 1988.

Rehearing Denied Dec. 28, 1988.

Hardy Moore, Moore, Payne & Clem, Paris, for appellant.

Robert W. Minshew, Kennedy, Minshew, Campbell & Fry, Sherman, for appellee.

CORNELIUS, Chief Justice.

Loyd Johnson sued George Broady for monies due under a contract whereby Johnson pastured cattle for Broady. Broady counterclaimed seeking damages for Johnson's failure to properly care for the cattle, and alleging that Johnson charged usurious interest. The jury found that Johnson was entitled to $6,786.66 under the contract and $4,906.25 attorney's fees. The trial court offset the recovery by a $2,000.00 penalty for usury pursuant to Tex.Rev.Civ.Stat. Ann. art. 5069–1.06(1) (Vernon 1987). The jury failed to find that Broady was damaged by Johnson's failure to care for the cattle, and the court refused to award Broady attorney's fees or submit an issue to the jury on that question.

On appeal, Broady contends that the court applied the wrong usury penalty, and erred in denying him attorney's fees and awarding Johnson attorney's fees, in failing to reduce Johnson's recovery because of several missing cows, and in failing to award him damages for Johnson's failure to properly care for the cattle. We agree that the court applied the wrong penalty provision, and erred in failing to award Broady attorney's fees and in awarding such fees to Johnson.

The contract provided that Broady would pasture his cattle on Johnson's land from December 1, 1984 to July 1, 1985. In the

summer of 1985, Broady moved the cattle back to his ranch. There were two yearlings and one cow missing. On July 25, 1985, Johnson billed Broady for the contract balance he considered was due. Included in the amount were interest charges of $397.47 for April and May and $255.20 for June and July. Broady disputed the amount, and ultimately Johnson brought suit for the amounts claimed, including the interest charges. After Broady counterclaimed alleging usury, Johnson amended his petition to omit the claim for interest.

Broady contends that the evidence conclusively established that Johnson charged interest at a rate more than double the statutory rate, so Johnson should forfeit all principal and interest due under the contract as well as pay a reasonable attorney's fees, as provided by of Tex.Rev.Civ.Stat. Ann. art. 5069–1.06(2) (Vernon 1987). Johnson contends that Broady *asked* the trial court to apply the penalty in Subparagraph (1) of the Act (three times the usurious interest, or $2,000.00), and is thereby estopped to claim that the court applied the wrong provision.

The usury statute provides in pertinent part as follows:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor three times the amount of usurious interest contracted for, charged or received, such usurious interest being the amount the total interest contracted for, charged, or received exceeds the amount of interest allowed by law, and reasonable attorney fees fixed by the court except that in no event shall the amount forfeited be less than Two Thousand Dollars or twenty percent of the principal, whichever is the smaller sum; provided, that there shall be no penalty for any usurious interest which results from an accidental and bona fide error.

(2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges, and shall pay reasonable attorney fees set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder.

■ Article 5069–1.06 does not provide alternate penalties. Once the interest rate is determined, the court must apply the applicable penalty. Usury statutes are penal in nature and must be strictly construed. *Steves Sash & Door Co. v. Ceco Corp.*, 751 S.W.2d 473 (Tex.1988).

■ The letters constituting the contract between Johnson and Broady did not specify a rate of interest on the amounts payable under the contract. Thus, the statutory rate of six percent is read into the agreement and becomes the maximum rate allowed on the transaction. *Triton Oil & Gas Corp. v. Marine Contractors*, 644 S.W.2d 443 (Tex.1982); *Houston Sash and Door Co. v. Heaner*, 577 S.W.2d 217 (Tex. 1979); Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon 1987).

■ The evidence conclusively established that Johnson charged interest at the rate of 19.88 percent for the months of April and May and at the rate of 23.7 percent for the months of June and July. Broady so testified, and his testimony was not controverted. When the testimony of a witness, even an interested witness, is clear, direct, positive, and uncontradicted by any other witness or attendant circumstances, it is considered true as a matter of law. *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904 (1942); *Sandoval v. Hartford Casualty Ins. Co.*, 653 S.W.2d 604 (Tex.App.–Amarillo 1983, no writ).

■ Broady's uncontradicted testimony that Johnson charged him interest at the rates of 19.88 percent and 23.7 percent made a prima facie case of usury. The burden then shifted to Johnson to over-

come the proof, if he could. *Triton Oil & Gas Corp. v. Marine Contractors,* supra, at 445; *Simonds v. Stanolind Oil & Gas Co.,* 134 Tex. 332, 136 S.W.2d 207 (1940). Johnson produced no evidence to the contrary. Since the rates charged are clearly in excess of double the legal rate of six percent, the proper penalty provision applicable to the transaction is Subparagraph (2) of Article 5069–1.06.

■ We do not agree that Broady is estopped to claim that the court applied the wrong penalty. In his motion for judgment Broady asked the court to hold as a matter of law that double the lawful rate of interest was charged and to apply the penalty for that violation. In the alternative, he asked that if the court found that the rate was not double the lawful rate, the minimum penalty provided by Subparagraph (1) of Article 5069–1.06 be applied. This request cannot be considered as a request for the court to apply Subparagraph (1) even though Subparagraph (2) was the correct penalty.

■ Next, Broady contends that the court erred in denying his motion to set the amount of his attorney's fees and in refusing his requested jury issue on the question. The statute provides that any person charging usury shall pay reasonable attorney's fees fixed by the court. Tex.Rev.Civ. Stat.Ann. art. 5069–1.06. The fees are waived, however, if the party fails to introduce evidence of reasonableness. *Smart v. Tower Land and Investment Co.,* 635 S.W. 2d 615 (Tex.App.–Dallas 1982, writ ref'd n.r.e.). The reasonableness of attorney's fees is a question of fact and must be supported by competent evidence. *International Security Life Insurance Co. v. Spray,* 468 S.W.2d 347 (Tex.1971); *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901 (Tex.1966). Nevertheless, it is proper for the appellate court to reverse and remand for a determination of reasonable attorney's fees. *Woods Exploration & Producing Co. v. Arkla Equipment Co.,* 528 S.W.2d 568 (Tex.1975); *In-*

*dustrial Disposal Supply Co. v. Perryman Brothers Trash Service,* 664 S.W.2d 756 (Tex.App.–San Antonio 1983, writ ref'd n.r.e.). Broady did present some evidence of reasonable attorney's fees, and since the statute mandates that attorney's fees be recovered as part of the usury penalty, his requested issue should have been submitted. Consequently, we will remand that portion of the case for a proper determination of such fees.

■ Broady next complains of the attorney's fees which were awarded to Johnson. The statute, Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986), provides that a person may, in addition to the amount of a *valid claim,* recover attorney's fees if the claim is on a contract. The fees may be awarded only to a prevailing party. Since Tex.Rev.Civ.Stat.Ann. art. 5069–1.-06(2) provides that a person charging double the lawful rate of interest forfeits all principal, interest, and all other charges, such a person cannot be considered a prevailing party. *San Juan Pools, Inc. v. Krohn,* 594 S.W.2d 492 (Tex.Civ.App.—San Antonio 1979, no writ). In *Butler v. Holt Machinery Co.,* 741 S.W.2d 169 (Tex.App. —San Antonio 1987, no writ), the court mandated a forfeiture of attorney's fees awarded to the party charging usurious interest. Such a forfeiture is consistent with the penal nature of the usury statutes. We hold that Johnson was not entitled to attorney's fees in view of the forfeitures required by the usury statute.

Broady also asserts that a fatal conflict resulted when the jury found that Johnson had failed to properly feed and care for the cattle, but failed to award damages for such failure. He contends that since the jury found that Johnson breached the contract he is entitled at least to nominal damages.

■ The jury found that Broady suffered no actual damages. Broady did not request an issue on nominal damages. A party cannot recover nominal damages unless he requests a special issue or moves

for judgment in the trial court for such damages. *Dean v. Dean*, 837 F.2d 1267 (5th Cir.1988); *Allbritton v. Mading's Drug Stores*, 138 S.W.2d 901 (Tex.Civ.App. —Galveston 1940, no writ); *Mitchell v. Heard*, 98 S.W.2d 832 (Tex.Civ.App.—San Antonio 1936, no writ). Broady filed a post-trial motion for mistrial based on the jury's failure to award nominal damages, but he did not request judgment for such damages or request a jury issue thereon. The damages were therefore waived.

It is not necessary to consider Broady's other points. For the reasons stated the judgment is reversed. Judgment is here rendered that Johnson take nothing. The remainder of the action is severed and re-manded to the trial court for a determina-tion of Broady's reasonable attorney's fees.

It is so ordered.

### ON MOTION FOR REHEARING

Johnson argues that his Exhibit 3, a statement he sent to Broady showing the amounts claimed to be owing, can be con-strued as showing that the rate of interest he charged was less than that to which Broady testified, and so the evidence was not conclusive that Subparagraph 2 of the statute was applicable. Assuming arguen-do that the exhibit can be so construed and its import is accepted as true, the exhibit still shows without question that the inter-est charged was well in excess of 12%, so Subparagraph 2 would be applicable in any event.

The motion for rehearing is overruled.