Beatrice HOUSTON, et al., Plaintiffs–Appellants,

v.

Pat W. HALEY, et al., Defendants–Appellees.

No. 87–4469.

United States Court of Appeals, Fifth Circuit.

March 27, 1989.

Alvin O. Chambliss, Jr., Oxford, Miss., for plaintiffs-appellants.

F. Edwin Perry, Oxford, Miss., for defendants-appellees.

## ON SUGGESTION FOR REHEARING EN BANC

Before BROWN, GEE and GARWOOD, Circuit Judges.

GEE, Circuit Judge:

Treating the suggestion for rehearing en banc as a petition for panel rehearing, we note that, at this late juncture and for the first time, Mrs. Houston's counsel calls to our attention an item of record evidence apparently establishing that shortly before the time of trial the black *voting age* population in Ward 4 was smaller than the white voting age population, the ratio being 791 to 906. This item consists of Plaintiff's Exhibit 8, a reply to request for admissions that was admitted in evidence by number as one of a sequence of exhibits at Transcript page 59 and never again, so far as we can determine, even so much as referred to by any witness, by either counsel, or by any court—trial or appellate. Indeed, it is possible that the exhibit has been misplaced in appellants' counsel's office for many months, as he checked out the record on August 10, 1987, and returned Plaintiffs' Exhibit 8 to the Clerk by letter dated January 5, 1989, reciting that "[t]his ... document was found under a stack of legal pleadings" and that "plaintiffs exhibit 9 (sic) ... was inadvertently omitted from the Fifth Circuit's record...."

It is our well-settled practice to decline to consider claims raised for the first time in a petition for rehearing. *Dean v. Dean*, 837 F.2d 1267 (5th Cir.1988) and cases cited. This is not precisely such a case, however; for the claim was indeed made by appellant that "[e]ven though ward 4 population was 53.8% black after redistricting, the voting age population was less than 50% black (Tr.153)" (Appellant's Brief, p. 6). The cita-tion offered in support of the claim, however, is to the ambiguous testimony of a demographer, quoted and discussed in our opinion at 859 F.2d 344-5, not to the admission contained in Plaintiffs' Exhibit 8. Thus it appears that the trial court and our court as well have thus far gone through the process of decision and appeal in ignorance of critical evidence, perhaps misplaced in the office of appellant's counsel, and at all events without counsel's having called it to the attention of either court. Were we certain of the circumstances, we might well sanction counsel for so wasting the scarce and precious time of both courts with such apparent carelessness; but, as we are not, we simply call the matter to the trial court's attention in connection with the remand which we direct.

Because it appears that critical evidence may not have been considered by the trial court in arriving at its decision appealed to us,

we GRANT rehearing, VACATE that decision and ours affirming it, and REMAND for further proceedings not inconsistent with the above.