**PEOPLES STATE BANK OF CLYDE,
Moran Branch, Appellant,**

v.

**Clifton V. ANDREWS, Appellee.**

**No. 11–93–346–CV.**

Court of Appeals of Texas,
Eastland.

July 21, 1994.

Allen Glenn, Abilene, for appellant.

Charles Dick Harris, Law Office of Dick Harris, Abilene, TX, for appellee.

## OPINION

PER CURIAM.

Frank Wilcoxen and his wife, Mamie Ruth Wilcoxen, executed a renewal and extension installment deed of trust note in favor of the Peoples State Bank of Clyde, Moran Branch, on July 14, 1989. The note was for $53,-763.59, and it matured two years from the date of execution. When the note was not paid, the Bank sued the Wilcoxens and Clifton V. Andrews, alleging that Andrews had made an agreement to "take over and pay the subject promissory note as his own obligation." Andrews filed an answer denying that he agreed to assume or take over the note and pleading the statute of frauds as an affirmative defense. He also filed a counterclaim for damages and penalties from the

Bank under TEX.REV.CIV.STAT.ANN. arts. 5069–8.01 and 5069–8.02 (Vernon 1987 & Supp.1994), which provides penalties for usury.

After the Bank presented its evidence, the trial court granted Andrews' motion for instructed verdict and held that Andrews had not assumed the note and was not an obligor. The jury found that the Wilcoxens were liable on the note. The trial court entered judgment that the Bank recover $57,264.74 plus interest, attorney fees, and court costs from the Wilcoxens, that the Bank's demand on Andrews was a charge of interest in excess of the lawful amount, and that Andrews was entitled to judgment against the Bank in the amount of $161,291.10 (which was three times the amount the Bank demanded) plus interest and court costs.

■ In its first point, the Bank argues that it was error for the trial court to grant Andrews' motion for instructed verdict because there was conflicting evidence as to whether the note had been assumed by Andrews. In the second point, the Bank contends that there was sufficient evidence to submit a jury question on whether the Bank accepted Andrews as an obligor and that it was error for the trial court to withdraw the Bank's suit against Andrews from the jury. The Bank seeks a remand for new trial on Andrews' liability as an alleged obligor on the note. These points deal with the Bank's suit for payment on the note. The Wilcoxens have not perfected an appeal but have instead paid in full the judgment against them: the amount owed on the note plus interest and court costs. Since the debt on the note has been satisfied in full, the Bank's appeal as it concerns Andrews' liability on the note is moot. See *Buckholts Independent School District v. Glaser,* 632 S.W.2d 146 (Tex. 1982), where the supreme court stated that "[a]n appealing party 'may not complain of errors which do not injuriously affect him.'"

In its third and fourth points of error, the Bank attacks the trial court's award of statutory penalties for usury. We agree that the award was in error.

■ The basis for Andrews' counterclaim was that, by sending him a demand letter on

a note that he did not sign and that he was not liable on, the Bank was "charging" him interest in excess of the maximum allowable rate.[1] On appeal, Andrews argues that the demand letter from the Bank made him an "obligor" for purposes of usury penalties under Articles 5069–8.01 and 5069–8.02 but not for purposes of payment on the note.[2] We disagree. The mere sending of a demand letter alone cannot make a party an "obligor" on a note.

Articles 5069–8.01 and 5069–8.02 provide that the violators of TEX.REV.CIV.STAT. ANN. art. 5069–2.01 et seq. (Vernon 1987 & Supp.1994) "shall forfeit to the *obligor*" specific amounts. (Emphasis added) The Texas Supreme Court, interpreting the same language ("shall forfeit to the obligor") contained in TEX.REV.CIV.STAT.ANN. art. 5069–1.06 (1967), stated in *Houston Sash and Door Company, Inc. v. Heaner*, 577 S.W.2d 217 (Tex. 1979):

> Such language evidences the Legislature's intent that the usury defense remain personal to the debtor. Since statutes of a penal nature are to be strictly construed, the penalty forfeitures provided in Article 5069–1.06 are restricted to the immediate parties to the transaction creating the usury defense. *Micrea, Inc. v. Eureka Life Ins. Co. of Amer.*, 534 S.W.2d 348 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.)

The First Court of Appeals relied on this language in *Houston Sash and Door Company* and held that the penalty forfeitures under Articles 5069–8.01 and 5069–8.02 were restricted to the immediate parties to the transaction. *Western Bank–Downtown v. Carline*, 757 S.W.2d 111 (Tex.App.—Houston [1st Dist.] 1988, writ den'd).

Andrews has maintained from the beginning of this lawsuit that he was not a party to the note. The trial court found that Andrews "did not assume the note in question and therefore was not an obligor" to the Bank. As a stranger to the note, Andrews is not entitled to an award of penalties under Articles 5069–8.01 and 5069–8.02.

The appeal insofar as it attacks the trial court's judgment concerning the Bank's recovery on the note and the granting of the instructed verdict is dismissed as moot. The portion of the trial court's judgment awarding Clifton V. Andrews $161,291.10 plus interest and court costs is reversed, and judgment is rendered that Clifton V. Andrews take nothing.

---

1. We note that the amount of interest on the note (prime rate as quoted by the First National Bank, Abilene, Texas plus two percent and at no time to exceed the maximum rate allowed by law) was not usurious on its face.

2. In all of the cases Andrews cites to support this position, the party recovering penalties for usury was an immediate party to the note in question.